UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM BUCK RODGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 17-CV-0060-CVE-FHM |
| | ) |
| SCOTT CROW, Director | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a **closed** habeas action. In an opinion and order (Dkt. # 19) filed April 1, 2020, the Court denied the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 3) filed by petitioner William Rodgers. The Court entered judgment (Dkt. # 20) against Rodgers the same day. Rodgers did not appeal, and the time to do so has expired. See FED. R. APP. P. 4(a)(1)(A) (providing 30-day period to file timely notice of appeal). Before the Court are three post-judgment motions filed by Rodgers: a motion for reconsideration out of time (Dkt. # 21), a motion to proceed in forma pauperis (Dkt. # 22), and a motion for enlargement of time (Dkt. # 24). Respondent Scott Crow filed a response (Dkt. # 23) in opposition to the motion for reconsideration out of time, and Rodgers filed a reply (Dkt. # 25). For the reasons that follow, the Court construes the motion for reconsideration out of time as a FED. R. CIV. P. 60(b)(6) motion that should be treated as a second or successive habeas petition and dismisses the motion, without prejudice, for lack of jurisdiction, and denies as moot the motion to proceed in forma pauperis and the motion for enlargement of time.

I.      **Background**

Represented by counsel, Rodgers filed a 28 U.S.C. 2254 petition for writ of habeas corpus (Dkt. # 3) on February 7, 2017, challenging the validity of the judgment and sentence entered against him in the District Court of Creek County (Sapulpa Division), Case No. CF-2012-396. Rodgers identified three claims: (1) the trial court and the Oklahoma Court of Criminal Appeals (OCCA) violated his constitutional right to due process and the prohibition against ex post facto laws by failing to conclude that he was immune from prosecution for first-degree murder, under OKLA. STAT. tit. 21, § 1289.25, Oklahoma's "stand-your-ground" law; (2) he was deprived of his Sixth Amendment right to the effective assistance of trial counsel; and (3) six trial errors deprived him of his Sixth and Fourteenth Amendment rights to a fair trial. Dkt. # 3, at 40-50, 60-89.[1] In an opinion and order (Dkt. # 19) filed April 1, 2020, the Court denied the petition, finding that some claims raised in the petition alleged errors of state law only, and thus did not present cognizable habeas claims, and determining that Rodgers failed to demonstrate that he was entitled to relief on those claims that were subject to federal habeas review. The Court entered judgment (Dkt. # 20) against Rodgers the same day.

On July 2, 2020, Rodgers received a letter from his habeas counsel. Dkt. # 21, at 1-2, 23-24. In the letter, dated June 24, 2020, counsel informed Rodgers that this Court denied his habeas petition and denied a certificate of appealability, further informed Rodgers that she would no longer be representing him, and stated that a copy of the April 1, 2020, opinion and order was enclosed. Dkt. # 21, at 1-2, 23.

---

[1]     For consistency, the Court's citations refer to the CM/ECF header pagination.

Proceeding pro se,[2] Rodgers filed a motion for reconsideration out of time (Dkt. # 21) and a motion to proceed in forma pauperis (Dkt. # 22) on December 28, 2020. Crow filed a response (Dkt. # 23) in opposition to the motion for reconsideration out of time on January 12, 2021. On February 1, 2021, Rodgers filed a motion for enlargement of time (Dkt. # 24), seeking an additional 45 days "to perform the necessary legal actions with the aid of the law library, and many resources it contains." Rodgers filed a reply brief (Dkt. # 25) three days later, on February 4, 2021.

## II.     Analysis

### A.     Motion for reconsideration out of time (Dkt. # 21)

In his motion for reconsideration out of time, Rodgers purports to invoke this Court's "jurisdiction in accordance to FED. R. CIV. P., Rule 60(b)(c) and FED. R. CIV. P., Rule 15(c)" and asks the Court to "liberally construe his [m]otion under FED. R. CIV. P. Rule 60(b)(c), Title 28 USCA § 144, and Title 28 U.S.C. 455." Dkt. # 21, at 1. Rodgers alleges he did not file this motion sooner because (1) habeas counsel "left [him] unrepresented at the Federal District Court" and he did not receive a copy of this Court's April 1, 2020, opinion and order denying his petition until July 2, 2020, when the prison belatedly delivered counsel's letter providing him a copy of the decision, and (2) his access to the law library and legal resources at the prison have been limited due to the ongoing coronavirus pandemic. Dkt. # 21, at 2. In the remainder of his motion, Rodgers reasserts claims and arguments he presented in his habeas petition, asks the Court to "consider[] all of the collective evidence; both the issues addressed in previous documents, as well as the newly discovered documents utilized in an effort to properly elaborate the actual events that occurred on

---

[2]  Because Rodgers now appears in this matter without counsel, the Court must liberally construe his pleadings but, in doing so, the Court may not advocate on his behalf. Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009).

September 23rd, 2012,"[3] and asserts that he "was denied a correct and unprejudiced reasoning" regarding his ex post facto claim.  Dkt. # 21, at 6-22.

Crow contends that the Court should construe the motion as one seeking relief under FED. R. CIV. P. 60(b), treat the Rule 60(b) motion as an unauthorized second or successive habeas petition, and dismiss the motion for lack of jurisdiction.  Dkt. # 23, at 1-2, 5-9.  In his reply brief, Rodgers reasserts that habeas counsel effectively abandoned him after filing the habeas petition and by providing him untimely notice of this Court's decision and he argues that he did not file a second or successive petition but, instead, he is merely "attempting . . . to continue his appeal process" by "[p]etitioning the Court for a rehearing consideration that he was deprived of the opportunity to submit at no fault of his own."  Dkt. # 25, at 1-2.

### 1. The motion seeks relief under Rule 60(b).

For three reasons, the Court finds that the motion for reconsideration out of time should be construed as a motion seeking relief from judgment under FED. R. CIV. P. 60(b)(6).  First, to the extent Rodgers suggests that his motion for reconsideration out of time implicates FED. R. CIV. P. 15(c), he is mistaken.  Rule 15 governs the filing of amended or supplemental pleadings before, during or after trial, and Rule 15(c) specifically governs when an amendment may relate back to the date the original pleading was filed.  FED. R. CIV. P. 15.  But "[o]nce judgment is entered, the filing of an amended [pleading] is not permissible until judgment is set aside or vacated pursuant to FED.

---

[3] Rodgers' reference to "newly discovered documents utilized . . . to properly elaborate the actual events that occurred on September 23rd, 2012" is unclear.  To the extent Rodgers includes specific citations in his motion to support his factual allegations, those citations refer to trial transcripts previously submitted to the Court, not newly discovered documents.  Rodgers did, however, submit a letter from habeas counsel, dated June 24, 2020, advising him that his petition was denied, and a copy of his inmate mail log, reflecting that he received that letter on July 1, 2020.  Dkt. # 21, at 23-24.

R. CIV. P. 59(e) or 60(b)." Tool Box, Inc., v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting Seymour v. Thornton, 79 F.3d 980, 987 (10th Cir. 1996)). Beyond Rodgers' mention of Rule 15(c), is not apparent that Rodgers seeks to amend or supplement any pleading. But even if he does, Rule 15(c) has no application here because Rodgers filed his motion long after judgment was entered against him and that judgment has neither been set aside nor vacated.

Second, as Crow notes, a motion for reconsideration can, in some circumstances, be construed as a motion seeking relief under FED. R. CIV. P. 59(e). See Banister v. Davis, 140 S. Ct. 1698, 1702-03 (2020); Jennings v. River, 394 F.3d 850, 855-56 (10th Cir. 2005) (explaining that district court should consider timing and substance of post-judgment motion for reconsideration to determine whether movant seeks relief under Rule 59(e) or Rule 60(b)). But a Rule 59(e) motion must be filed "no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e); Banister, 140 S. Ct. at 1703. Here, Rodgers filed the motion for reconsideration out of time nearly nine months after the entry of judgment. Moreover, even though the facts of this case appear to support Rodgers' assertion that habeas counsel's inaction may have prevented him from filing a timely Rule 59(e) motion, this Court has no authority to extend the time for filing a Rule 59(e) motion. See FED. R. CIV. P. 6(b)(1)-(2) (generally permitting court to extend time for "good cause" or "excusable neglect" but barring court from extending time for filing a Rule 59(e) motion).

Third, the substance and timing of the motion for reconsideration out of time supports Crow's contention that the motion is most reasonably construed as one seeking relief from the judgment under Rule 60(b). Under Rule 60(b), a district court may grant relief from an order or judgment for the reasons specified in subsections (1) through (5) of the rule or, under subsection (6), "for any other reason that justifies relief." Rule 60(b)(6)'s any-other-reason category is broad;

nonetheless, even under Rule 60(b)(6) a court should grant relief from a judgment or order "only in 'extraordinary circumstances.'" Buck v. Davis, 137 S. Ct. 759, 777-78 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). And while certain Rule 60(b) motions must be filed within one year of the entry of judgment, others, including those seeking relief under Rule 60(b)(6), need only be filed "within a reasonable time." FED. R. CIV. P. 60(c).

Under the circumstances of this case, and for the reasons just explained, the Court construes the motion for reconsideration out of time as a motion seeking relief under Rule 60(b)(6).

### 2. The Rule 60(b)(6) motion is a second or successive habeas petition.

Because Rodgers filed his Rule 60(b)(6) motion in the context of a habeas proceeding, the Court's next task is to determine whether the Rule 60(b)(6) motion is a "true" Rule 60(b) motion or, instead, should be treated as a second or successive habeas petition. See Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). Spitznas explains that " a [Rule] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." 464 F.3d at 1215. Examples of Rule 60(b)(6) motions that should be construed as second or successive habeas petitions include motions "seeking leave to present 'newly discovered evidence' in order to advance the merits of a claim previously denied," Spitznas, 464 F.3d at 1216, and motions "that seek[] vindication of" a previously asserted habeas claim by attacking the district court's prior ruling addressing the merits of that claim, Gonzalez, 545 U.S. at 531.

But a Rule 60(b) motion "is a 'true' [Rule] 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas

application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Spitznas, 464 F.3d at 1215-16 (internal citations omitted). True Rule 60(b) motions include those motions that challenge a district court's decision to dismiss a habeas petition on procedural grounds and those that allege "a defect in the integrity of the habeas proceeding based upon a claim of fraud on the court." Id. at 1216.[4]

Here, as Crow contends, Rodgers' Rule 60(b)(6) motion "largely reasserts the claims he previously raised in his habeas petition," "alleges this Court incorrectly rejected his ineffective assistance of counsel claims," appears to raise some new claims and new allegations regarding his previously asserted ineffective-assistance-of-trial-counsel claim, and expressly asks this Court to "reconsider[] its previous judgment de novo." Dkt. # 23, at 5-8; Dkt. # 21, at 21. Even with the benefit of liberal construction, the Court cannot read the Rule 60(b) motion as anything other than a second or successive habeas petition because Rodgers not only challenges the Court's previous ruling on the merits of the claims he raised in his petition, but also appears to assert new habeas

---

[4] Rodgers also asks the Court to "liberally construe" his motion under "Title 28 USCA § 144, and Title 28 U.S.C. § 455" and he makes scattered references to "bias," "prejudice," and "favoritism." Dkt. # 21, at 1, 6, 21. Section 144 permits a party to have a new judge assigned to a case if the party files a "timely and sufficient affidavit" demonstrating "that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Section 455 requires a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned" and in certain enumerated circumstances. 28 U.S.C. § 455(a), (b). Even generously construing the motion, the Court declines to read it as a true Rule 60(b) motion alleging a defect in the habeas proceeding based on Rodgers' undeveloped allegations of bias and prejudice. However, to the extent any portion of the motion could be construed as a true Rule 60(b) motion, the Court denies the motion and denies a certificate of appealabilty. See 28 U.S.C. § 2253(c); Spitznas, 464 F.3d at 1218 (concluding that a certificate of appealability is required to appeal from the denial of a true Rule 60(b) motion).

claims. The Court therefore agrees with Crow that the motion for reconsideration out of time, construed as a Rule 60(b)(6) motion, should be treated as a second or successive habeas petition.[5]

### 3. This Court lacks jurisdiction over the second or successive petition.

Finally, the Court finds that the motion for reconsideration out of time, construed as a Rule 60(b)(6) motion and treated as a second or successive habeas petition, should be dismissed for lack of jurisdiction. Before filing a second or successive habeas petition in district court, a petitioner must obtain authorization to do so from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). If a petitioner does not obtain authorization from the court of appeals, the district court does not have jurisdiction to consider any claims raised in a second or successive. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Nothing in the record suggests that Rodgers either sought or obtained permission from the United States Court of Appeals for the Tenth Circuit to file a second or successive habeas petition after this Court denied his first habeas petition. Because Rodgers did not obtain the requisite authorization, the Court concludes that the motion for reconsideration out of

---

[5] Rodgers resists this conclusion, asserting in his reply brief that he is merely "attempting . . . to continue his appeal process" and suggesting he could not pursue a timely appeal due to habeas counsel's inaction. Dkt. # 25, Reply Br., at 1-2. As previously stated, the time to appeal from the judgment entered against him in April 2020 expired in May 2020, 30 days after the entry of judgment. FED. R. APP. P. 4(a)(1)(A). Even if the Court could construe the motion for reconsideration out of time, in part, as a motion seeking to reopen the time to appeal, the Court lacks authority to grant that relief. Under FED. R. APP. P. 4(a)(6), a district court may reopen the time to appeal only if certain conditions are met. Even accepting as true that Rodgers did not receive notice of the judgment until July 2, 2020, he did not file the motion for reconsideration out of time within the earlier of either 180 days after the judgment was entered or 14 days after he received notice of the judgment, as required by FED. R. APP. P. 4(a)(6)(B). Thus, to the extent the motion for reconsideration out of time could be construed, in part, as a motion to reopen the time to appeal, that motion is denied.

time, construed as a Rule 60(b)(6) motion and treated as a second or successive habeas petition must be dismissed for lack of jurisdiction. Spitznas, 464 F.3d at 1217.[6]

        **B.**        **Motion to proceed in forma pauperis (Dkt. # 22)**

When he filed the motion for reconsideration out of time, Rodgers also filed a motion to proceed in forma pauperis (Dkt. # 22). Rodgers paid the $5 filing fee necessary to commence this habeas action, see Dkt. # 3, when he filed his petition for writ of habeas corpus. And there is no separate fee for filing a Rule 60(b) motion. Further, for reasons previously discussed, the time has passed for Rodgers to file a timely appeal. For these reasons, the Court denies as moot the motion to proceed in forma pauperis.

        **C.**        **Motion for enlargement of time (Dkt. # 24)**

Lastly, on February 1, 2021, Rodgers filed a motion for enlargement of time, seeking an additional 45 days "to perform the necessary legal actions with the aid of the law library, and many resources it contains." Dkt. # 24, at 1. It is not clear from the motion what "necessary legal actions" Rodgers requested additional time to perform. However, the timing of the motion suggests he may have been requesting additional time to file a reply brief. Because Rodgers filed a reply brief only three days after he filed the motion for enlargement of time and there are no other deadlines pending, the Court denies as moot the motion for enlargement of time.

---

[6]     The Court recognizes that it has discretion to transfer this matter to the United States Court of Appeals for the Tenth Circuit for authorization under § 2244(b)(3)(A). See Spitznas, 464 F.3d at 1217; 28 U.S.C. § 1631. But the Court finds that dismissal without prejudice is more appropriate than transfer because Rodgers does not face the "risk that a meritorious successive claim will be lost." In re Cline, 531 F.3d at 1252.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The motion for reconsideration out of time (Dkt. # 21), construed as a Rule 60(b)(6) motion and treated as a second or successive habeas petition, is **dismissed without prejudice** for lack of jurisdiction.

2. To the extent the motion for reconsideration out of time (Dkt. # 21) could be construed, in part, as a motion to reopen the time to appeal, that motion is **denied**.

3. To the extent the motion for reconsideration out of time (Dkt. # 21) could be construed, in part, as a "true" Rule 60(b) motion, that motion is **denied** and a certificate of appealability is **denied**.

4. The motion to proceed in forma pauperis (Dkt. # 22) is **denied as moot**.

5. The motion for enlargement of time (Dkt. # 24) is **denied as moot**.

**DATED** this 25th day of March, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE